UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALVIN F. WALKER,

   Plaintiff,

 v.

STEVE FREITAS, et al.,

   Defendants.

Case No. 15-cv-03637-JSC

**ORDER OF SERVICE AND OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, a state prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the Sonoma County Sheriff and two officers working at the Sonoma County Jail, where Plaintiff was formerly housed.[1] Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is ordered served upon Defendant Soto, and the claims against Defendant Freitas are dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 6.)

statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that he is 60 years old and in poor health. On July 15, 2015, while he was at the Sonoma County Jail, an officer in training identified here as Defendant John Doe #2 opened Plaintiff's cell door from a desk area. Plaintiff stepped out and asked if Doe #2 wanted Plaintiff or his cellmate. Believing that his cellmate was wanted, Plaintiff sent his cellmate out. About an hour later, Doe #2 approached Plaintiff's cell and told him not to yell from his cell; Doe later took away Plaintiff's "out of cell time" for yelling and showing disrespect. When Plaintiff learned of this, he complained to Doe #2 and swore at him. Shortly thereafter, Doe #2, Defendant Soto and other officers (whom Plaintiff does not identify or list as "Doe" defendants) came to Plaintiff's cell and ordered him to back out of the door with his hands behind his back. Plaintiff complied with all their orders, but Doe #2 applied handcuffs so tightly that they cut Plaintiff's skin "to the bone." While escorting him out of the area, Doe #2, Soto and the other officers bent his arms "all the way back," and pushed his head and chest against the wall. They took him to a cell where they applied pressure on his feet, knees, and arms, and pushed his head and chest into a wall. An officer twisted his hand cuffs, which caused him to lose a "big" piece of skin and start bleeding.

2

His requests to see a doctor were denied, and he was instead taken to "booking," where a nurse treated his wounds.

Plaintiff's allegations, when liberally construed, state cognizable claims for the use of excessive force by Defendants John Doe #2 and E. Soto, and the complaint will be ordered served upon them.  As soon as Plaintiff identifies the name of Defendant John Doe #2, he shall provide it to the Court, at which time the complaint will be amended retroactively to reflect Defendant John Doe #2's real name, and the Marshal will be ordered to serve the complaint upon him.

Plaintiff also names the Warden and Sheriff of Sonoma County, Steve Freitas, as a Defendant, alleging only that Freitas is responsible for the actions of all jail officials.   Under no circumstances is there liability under Section 1983 solely because one is responsible for the actions or omissions of another.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff does not allege any personal involvement of Freitas in the incident, or any actions or omissions by him that caused Plaintiff's rights to be violated.  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  Plaintiff has not alleged a cognizable claim against Freitas because he has simply alleged that he is responsible for the actions of Soto and Doe #2, without alleging any actions or omissions by Freitas that caused the excessive force to be applied to Plaintiff.  Accordingly, Plaintiff has failed to state a cognizable claim against Freitas, and he will be granted leave to amend his complaint to do so.

**CONCLUSION**

1. The claims against Sherriff Steve Freitas are DISMISSED with leave to amend.  If Plaintiff wishes to pursue his claims againsthim, he must file an amended complaint within **twenty eight (28) days from the date this order is filed**.  The amended complaint **must** include the caption and civil case number used in this order (No. C 15-3637 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262

3

(9th Cir. 1992), Plaintiff may not incorporate material from the original by reference. That is, he must include the claims against the other Defendants in any amended complaint, and if he does not, those claims will be dismissed and will no longer be a part of this case. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of the claims against Defendant Freitas.</u>

    2.    The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, a copy of the complaint with attachments and a copy of this order on Defendant **Correctional Officer E. Soto** at **Sonoma County Jail**.

The Clerk shall also mail a courtesy copy of the Magistrate Judge jurisdiction consent form, the complaint with all attachments and a copy of this order, to the Sonoma County Counsel's Office.

    3.    Defendant Soto shall complete and file the Magistrate Judge jurisdiction consent form within the deadline provided on the form.

    4.    Defendant Soto shall file an answer in accordance with the Federal Rules of Civil Procedure.

    5.    To expedite the resolution of this case:

    a. No later than **91** days from the date this order is issued, Defendant Soto shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant Soto is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b. At the time the dispositive motion is served, Defendant Soto shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

    c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

4

Court and served upon Defendant Soto no later than **28** days from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

      d.  Defendant Soto shall file a reply brief no later than **14** days after the opposition is filed.

      e.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6.  All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

7.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

8.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: October 20, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.