UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN F. WALKER,<br><br>        Plaintiff,<br><br>    v.<br><br>E. SOTO, et al.,<br><br>        Defendants. | Case No. 15-cv-03637-JSC<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 35 |

**INTRODUCTION**

Plaintiff, a state prisoner, filed a pro se civil rights action under 42 U.S.C. § 1983 against officials at the Sonoma County Main Adult Detention Facility ("MADF"), where Plaintiff was formerly housed. The complaint was against three defendants, Deputy Soto, Doe #2, and Sheriff Freitas. The Court reviewed the complaint and found that the claim of excessive force against Soto and Doe #2 were cognizable, but the claim against Freitas was dismissed with leave to amend. Plaintiff filed a timely First Amended Complaint reiterating the same claim of excessive force against Soto, naming two new defendants to that claim (Deputy Minaglia and Sergeant Pederson), and indicating that he did not wish to pursue claims against Freitas. The Court found this claim cognizable, and dismissed the claim against Freitas. The First Amended Complaint also added a new claim against Sergeant Jimenez and Lieutenant Toby for denying administrative grievances and failing to properly investigate and discipline the other Defendants, but these claims were dismissed for failure to state cognizable grounds for relief.

Defendants Soto, Minaglia and Pederson ("Defendants") [1] filed a joint motion for summary

---

[1] Plaintiff, Soto, Minaglia and Pederson have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 6, 14, 32, 33.)

1  judgment. Although given an opportunity to file an opposition and cautioned about the risks of
2  failing to do so, Plaintiff has not opposed the motion. For the reasons discussed below, the motion
3  for summary judgment is GRANTED.

**BACKGROUND**

4
5  A.   Use of Force

6  In his verified amended complaint, Plaintiff provides an account of the alleged use of
7  force. On July 15, 2015, Defendant Minaglia --- was being trained by Defendant Soto --- accused
8  Plaintiff of breaking a rule violation and being disrespectful. (ECF No. 19 at 8). Minaglia, Soto
9  and Defendant Pederson approached Plaintiff's cell and ordered Plaintiff to stand up with his
10 hands behind his back, and back up to the door. (*Id.*) Plaintiff complied and Minaglia applied
11 handcuffs to Plaintiff's wrist so tightly that they cut Plaintiff's skin "to the bone." (*Id.*)
12 Defendants brought Plaintiff to the entrance of the module, and then to another cell. (*Id.* at 8-9.)
13 Soto and Minaglia pulled Plaintiff's arms all the way back while pushing Plaintiff against a wall,
14 "causing something to pop in his neck causing unbearable pain. (*Id.* at 9.) Soto and Minaglia
15 also forced Plaintiff to scrape his knees on a bench. (*Id.*) Plaintiff did not offer any resistance at
16 any time. (*Id.* at 8.) Pederson observed this use of force, but did not intervene. (*Id.*) Plaintiff
17 suffered abrasions to his wrist and knees, and over five months later his neck would "pop" when
18 he moved his head, causing "excruciating pain." (*Id.*)

19 In support of their summary judgment motion, Defendants have submitted their
20 declarations, incident reports, Plaintiff's medical records, and excerpts from Plaintiff's deposition.
21 Decl. Bruggisser, Exhs. A-O.) Defendants deny using the level of force alleged by Plaintiff, i.e.
22 deny cutting his wrist "to the bone," making his neck "pop" or forcing him to scrape his knees.
23 (Minaglia Decl. ¶¶ 10, 12, 14, 16; Soto Decl. ¶¶ 9, 11, 13, 15; Pederson Decl. ¶¶ 7, 11, 13.)
24 They also dispute Plaintiff's assertion that he offered no resistance. (Minaglia Decl. ¶ 13, 14;
25 Soto Decl. ¶ 12, 13; Pederson Decl. ¶ 10, 11.) A detailed recitation of Defendants' account of the
26 incident is not necessary, however, because this motion is resolved on exhaustion grounds.

27 B.   Administrative Appeals

28 The facts are undisputed regarding available administrative grievance procedures at MADF

and the administrative grievances filed by Plaintiff regarding the July 15, 2015, use of force. At the MADF, the administrative grievance procedure begins with an inmate submitting a grievance form. (Toby Decl. ¶ 9.) If the inmate is not satisfied with the deputy's response, the next steps are to appeal the matter to the supervising Sergeant, then to the Disciplinary Grievance Officer, and finally to the designated Lieutenant. (*Id.*) MADF administrative remedies are exhausted when the Lieutenant makes his or her decision. (*Id.*)

Plaintiff filed two administrative grievances about Defendants' actions on July 15, 2015; he filed the first grievance on July 19, 2015, and the second on August 2, 2015. (ECF No. 19 (First Amended Complaint) Exh. A.) The initial levels of administrative review were bypassed, the Sergeant denied the administrative grievance on August 4, 2015, and the Lieutenant denied the administrative grievance on September 14, 2015. (*Id.* at 3 & Exhs. A, B; Toby Decl. ¶¶ 9, 10.)

## DISCUSSION

### A.   STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. *Id.* If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by

3

the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014).

The motion for summary judgment is unopposed. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The Court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th Cir. 2001). Plaintiff's verified complaint may be used as an opposing affidavit under Rule 56 to the extent it is based on personal knowledge and sets forth specific facts admissible in evidence. *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995); *see also Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (treating allegations in prisoner's verified amended complaint as an opposing affidavit).

**B.    ANALYSIS**

Defendants argue that they are entitled to summary judgment because Plaintiff has not exhausted his administrative remedies. Exhaustion must ordinarily be decided in a summary judgment motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. *Id.* at 1166.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). Compliance with the exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001).

Defendant argues that Plaintiff did not satisfy the PLRA's exhaustion requirement because he did not exhaust his excessive force claim until after he filed this action. An inmate must

exhaust his available administrative remedies *before* he or she filed suit, even if the inmate fully exhausts while the suit is pending.  *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (emphasis in original); *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (same).  It is undisputed that Plaintiff exhausted the available administrative remedies for his claims on September 15, 2015, approximately six weeks after he filed this lawsuit (on August 2, 2015).  As a result, Plaintiff did not satisfy the PLRA's requirement that he exhaust his claims before filing suit, and Defendants are entitled to summary judgment on exhaustion grounds.[2]

The Court is aware that Plaintiff's First Amended Complaint was filed after his claims were exhausted.  An inmate satisfies the exhaustion requirement for new claims added in an amended complaint as long as he exhausted his administrative remedies with respect to such new claims prior to filing the amended complaint.  *See Rhodes v. Robinson*, 621 F.3d 1002, 1006 (9th Cir. 2010) (distinguishing *McKinley* and *Vaden* because new claims had been exhausted before they were raised for the first time in the amended complaint); *see also Cano v. Taylor*, 739 F.3d 1214, 1220 (9th Cir. 2014) (applying *Rhodes* holding to claims that arose prior to original complaint but raised for first time in amended complaint).  Here, however, Plaintiff's amended complaint does not raise new claims against Defendants.  Therefore, Defendants' contention --- which Plaintiff does not oppose --- that Plaintiff was required to exhaust his claims prior to filing suit is correct.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (ECF No. 35) is GRANTED on exhaustion grounds.  Therefore, the complaint is DISMISSED without prejudice.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: December 14, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[2] In light of this conclusion, the Court need not reach Defendants' alternative arguments for summary judgment.

5